

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-88,595-01 & WR-88, 595-02

**EX PARTE TANYA LYNN LEWIS, Applicant**

## ON APPLICATIONS FOR WRIT OF HABEAS CORPUS CAUSE NOS. 4771-A & 4773-A IN THE 271ST DISTRICT COURT FROM JACK COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted in two cause numbers or engaging in organized criminal activity and sentenced to twelve years' imprisonment for each cause. She did not appeal her convictions.

Applicant contends that trial counsel rendered ineffective assistance by giving Applicant bad advice regarding her parole eligibility and by failing to properly investigate and challenge her cases.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Moussazadeh*, 361 S.W.3d 684, 690 (Tex. Crim. App. 2012). In these circumstances, additional

facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.  The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant was given erroneous information regarding her parole eligibility.  The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish